Easement; reservation in judgment; limitation of actions; pipeline relocation costs. — On February 15, 1980 the court entered the following order:
Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
This claim by the State of California for costs in relocating water pipes comes before the court on cross-motions for summary judgment. Defendant argues that plaintiff filed beyond the period allowed by the statute of limitations and is time-barred. Plaintiff, on the other hand, contends that it is entitled to judgment as a matter of law. For the reasons stated below, we disagree with both parties and deny the motions of each.
During World War II, plaintiff granted defendant the right to encroach upon property parallel to State Highway 1 — The Shoreline Highway — in order to install a 12-inch water main to supply the Naval Depot in Tiburón and facilities in Sausalito. Subsequently, defendant filed suit to condemn formally an easement for the permanent maintenance of the water pipe. During that same period, the United States sold whatever interests it might acquire in its condemnation suit to Marin Municipal Water District (MWD). Eventually, in 1968, plaintiff and defendant stipulated judgment in defendant’s condemnation suit. That stipulation reserved to California the "right to claim the expense incurred” in raising, lowering or relocating the pipeline defendant installed in the easement.
In 1969, plans were made to widen Highway 101 (formerly State Highway 1) from 4 lanes to 6, which *657 necessitated moving the water pipeline for a considerable distance along the highway. Due to fiscal constraints, the relocation was to be performed during two different fiscal years.
MWD completed the first portion of the relocation in March 1970 and billed California for the latter’s proportionate share of the costs in September 1970. The second portion was completed in 1971 and MWD billed plaintiff for its share in November 1972. On April 18, 1978, plaintiff filed suit in this court.
Defendant moves for summary judgment on the basis that plaintiff failed to file its claim within 6 years of the date of accrual. 28 U.S.C. § 2501 (1976). The first argument is that California should have brought suit on each portion of the relocation project. Thus defendant argues that at a minimum, plaintiffs claims for the $13,738.88 arising from the first stage of relocation accrued, at the latest, by September 23, 1970, the date MWD billed California. Since plaintiff did not file suit until 1978, defendant maintains that claims on this "first” project are time-barred.
While the relocation project was divided into two projects for fiscal purposes, it was, for our purposes, one project. The necessary relocation was of a lengthy water pipeline along Highway 101 in California — The Redwood Highway — and plaintiff planned the entire physical relocation in 1969 although it was divided into two projects for purposes of funding. We have continually expressed our desire to prevent piece-meal litigation, Nager Electric Co. v. United States, 177 Ct. Cl. 234, 245-46, 368 F. 2d 847, 855 (1966), and defendant’s position would only encourage it. Thus, plaintiff was correct in bringing suit based upon the completion of the entire relocation rather than each discrete fiscal section.
Next, defendant contends that the statute of limitations began running when the physical relocation was completed in 1971 rather than when California was billed by MWD for the costs of relocation in November 1972. If the former date applies, plaintiffs claims are time-barred.
While defendant attempts to characterize plaintiffs claim as one for inverse condemnation, a fair reading of the complaint shows that it is based upon the reservation in the 1968 stipulation of judgment. That reservation permits *658 plaintiff to claim expenses incurred due to relocation of the pipeline. No expense was necessarily incurred upon MWD’s completion of the relocation. Rather, California only incurred expenses for which it could claim compensation when MWD billed it for relocation costs in November 1972. Plaintiffs cause of action accrued at that time and suit was timely filed.
Finally, plaintiff claims that the stipulation of judgment entered in 1968 gives it an absolute right of recovery and moved for summary judgment upon that ground. We do not find the stipulation so clear. The reservation is susceptible of several reasonable interpretations depending on the parties’ intent. It is plausible that the parties meant California to have an automatic recovery right. Or, the reservation may only give the state the "right to claim expenses incurred” if it could prove those expenses, their necessity and reasonableness. Additionally, the provision may have only been a waiver of res judicata principles designed to allow the parties to litigate the relocation expenses issues at a later date from the ground floor on up. See 47 Am. Jur. Judgments §§ 1080-93 (1969). All told, the provision is ambiguous and we cannot rule on it as a matter of law.
Additionally, we raise sua sponte a number of issues for the trial judge’s consideration. We emphasize, however, that our list is by no means exhaustive:
What effect does the agreement by MWD to hold defendant free from harm when it purchased the water works have on the case? Defendant has sold its interests and possibly terminated its responsibility in the matter. What was the intent of the parties in the hold-harmless agreement?
Should California be suing MWD?
Is MWD a political subdivision of plaintiff such that all rights and interests have merged in California?
Should MWD be noticed into the case?
As can be seen from our short discussion, numerous questions regarding intent exist and a variety of legal questions inherent in the legal relationships hinge upon those factual questions.
Accordingly, upon thorough consideration of the parties’ submissions and after oral argument, It Is Ordered that *659 defendant’s motion for summary judgment is denied and plaintiffs cross-motion for summary judgment is also denied. The case is hereby remanded to the trial division for further proceedings.